IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-22-TAV-HBG |
| | ) | |
| ALBERT DIANCE BLEVINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's Motion to Continue Trial and Motion for Leave to File Late Pretrial Motions [Doc. 15], which was referred [Doc. 16] to the undersigned on August 3, 2018. *See* 28 U.S.C. § 636(b). The parties appeared for a motion hearing on August 6, 2018. Assistant United States Attorney Matthew T. Morris appeared on behalf of the Government. Assistant Federal Defender Paula R. Voss represented the Defendant, who was also present.

Defendant Blevins asks the Court to continue the August 7, 2018 trial date in this case and to allow the filing and litigation of pretrial motions. The motion states that this case involves three searches of the Defendant's property, one by the alleged consent of the Defendant and two pursuant to search warrants. The Defendant contends that defense counsel has reviewed the applicable facts and law and seeks to file pretrial motions challenging one or more of the searches. The Defendant argues that a continuance of the trial and motion deadline will further the ends of justice in this case. He notes that he faces a lengthy sentence and that a full investigation of the issues surrounding the searches is necessary for him to receive the effective assistance of counsel. The motion relates that the Government does not object to his request.

At the motion hearing, Ms. Voss informed the Court that the Defendant is waiving his speedy trial rights in relation to this motion. She said that Mr. Benjamin Sharp, who is the Assistant Federal Defender working on this case, asks for a new motion deadline during the week of August 27.

AUSA Morris stated that he has discussed the issues underlying the potential pretrial motions with Mr. Sharp. He confirmed that the Government did not oppose the Defendant's motion and observed that he did not want a conviction in this case to be vulnerable to collateral attack. AUSA Morris said he believes the Court should grant the Defendant's request for a trial continuance and a new motion deadline. The parties agreed on a new trial date of January 22, 2019.

The Court finds the Defendant's motion to continue the trial and to set a new schedule for pretrial motions to be well-taken and unopposed. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). At the Defendant's request, the Court extended the motion deadline in this case to August 31, 2018, in order to give defense counsel time to prepare and file pretrial motions. The Court finds that litigation of a future motion to suppress evidence requires a trial continuance. The Court has set a motion hearing on September 19, 2018, at 9:30 a.m. Following that hearing, the Court will need time, not to exceed thirty (30) days, to file a report and recommendation on any dispositive motions. *See* 18 U.S.C. § 3161(h)(1)(H). The parties will then need time to file objections to the report, and the District Judge will need time to rule on the motion in light of the report and the objections. Following the resolution of pretrial motions, counsel will also need time to prepare for trial. The Court finds that all of this cannot take place before the August 7 trial date or in less than five months. Accordingly, the Court finds

that the failure to grant the requested continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for trial even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's motion [**Doc. 15**] to continue the trial and other deadlines is **GRANTED**. The trial of this matter is reset to **January 22, 2019**. The Court also finds that all the time between the filing of the motion to continue on **July 17, 2018**, and the new trial date of **January 22, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, the motion deadline is reset to **August 31, 2018**. Responses to motions are due on or before **September 14, 2018**. The parties are to appear before the undersigned for a hearing on all pending pretrial motions on **September 19, 2018, at 9:30 a.m.** A final pretrial conference before the undersigned is scheduled for **January 8, 2019, at 11:00 a.m.** This date shall also be the new deadline for concluding plea negotiations and for providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **January 7, 2019**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **January 11**, **2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial and Motion for Leave to File Late Pretrial Motions [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 22, 2019**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the filing of the Defendant's motion to continue on **July 17, 2018**, and the new trial date of **January 22, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

3

(4) The motion deadline is reset to **August 31, 2018**;

(5) Responses to motions are due on or before **September 14, 2018**;

(6) The Court will hold a motion hearing on all pending pretrial motions on **September 19, 2018, at 9:30 a.m.**;

(7) Motions *in limine* must be filed no later than **January 7, 2019**;

(8) The parties are to appear before the undersigned for a final pretrial conference on **January 8, 2019, at 11:00 a.m.** This date is also the deadline for concluding plea negotiations and for providing reciprocal discovery; and

(9) Special requests for jury instructions shall be submitted to the Chief District Judge no later than **January 11, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge