IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
                                    )
v.                                  )           No. 3:18-CR-22-TAV-HBG
                                    )
ALBERT DIANCE BLEVINS,              )
                                    )
                Defendant.          )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to

28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the

District Court as may be appropriate. This case came before the Court on September 14, 2018, for

a motion hearing on a Motion for Substitution of Counsel [Doc. 19], filed by appointed defense

counsel on August 30, 2018. Assistant United States Attorney Matthew T. Morris appeared on

behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented Defendant

Blevins, who was also present.

At the Defendant's initial appearance and arraignment on March 14, 2018, the

Court appointed [Doc. 6] Mr. Sharp and the Federal Defender Services of Eastern Tennessee

("FDS") to represent him. In the instant motion, defense counsel states that the Defendant wants

a new attorney and that the attorney-client relationship is irretrievably broken. At the hearing, Mr.

Sharp related that he has met with Defendant Blevins many times and that the Defendant has lost

confidence in FDS's representation. He stated that he and the Defendant have a difference in

strategy and that he did not believe they would be able to proceed with this case together.

1

Additionally, Mr. Sharp said that he had discussed the substitution of counsel with the Defendant, who understands that replacing counsel at this point could cause a delay in his trial. Mr. Sharp stated that in his opinion, the trust in the attorney-client relationship was irreparably broken. AUSA Morris said that the Government did not oppose the substitution of counsel in this case.

The Defendant was sworn and stated that he wanted the Court to appoint a new attorney for him. He said that he did not disagree with Mr. Sharp's description of the problems with the attorney-client relationship. However, he related that he did have concern about delay. The Court informed Defendant Blevins that any substitution of counsel would be permanent (i.e., Mr. Sharp could not represent him, in lieu of substitute counsel) and that the Court would consider another substitution of counsel only in extraordinary circumstances. The Defendant said he understood these provisions and that he still wanted a new attorney. He informed the Court that requesting new counsel was not a decision that he had made lightly.

Based upon the motion and the representations of the Defendant and Mr. Sharp at the motion hearing, the Court finds that good cause exists to appoint new counsel for the Defendant. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court finds that the Defendant's trust in his relationship with counsel is broken. This loss of trust in the attorney-client relationship has compromised beyond repair Mr. Sharp's ability to present an adequate defense and to render effective assistance of counsel. Accordingly, the Court finds the request for substitution of counsel to be well taken under the circumstances. Based upon good cause shown, Mr. Sharp's Motion for Substitution of Counsel [**Doc. 19**] is **GRANTED**, and Mr. Sharp is relieved as counsel for the Defendant. Mr. Sharp is **DIRECTED** to provide any discovery and the information from the

Defendant's file to new counsel as soon as possible.

The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. Attorney Francis L. Lloyd, Jr., appeared at the September 14, 2018 hearing and agreed to accept representation of the Defendant. Defendant Blevins had no objection to the appointment of Mr. Lloyd. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Lloyd as counsel of record for Defendant Blevins, pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. In so doing, the Court admonished the Defendant on the need to work with his counsel and informed him that it will entertain a request for yet another attorney only in the most extraordinary of circumstances. The Supreme Court has firmly established that the Sixth Amendment does not entitle a defendant to counsel with whom he shares a good rapport or to a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983). The Defendant is encouraged to make every effort to work with Mr. Lloyd through the remainder of this case.

The Court noted that the motion-filing deadline in this case expired shortly after Mr. Sharp filed the instant motion. Mr. Lloyd asked for additional time to file pretrial motions. The Court set a new motion deadline of **October 29, 2018**. Responses to motions are due on or before **November 13, 2018**. The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **November 16, 2018, at 9:30 a.m.** The motion hearing previously set for September 19, 2018, at 9:30 a.m., is **CANCELLED**. All other dates and deadlines in this case, including the **January 22, 2019** trial date, shall remain the same at this time.

Accordingly, it is **ORDERED**:

(1) The Motion for Substitution of Counsel [**Doc. 19**] is **GRANTED.** Assistant Federal Defender Benjamin G. Sharp and

FDS are **RELIEVED** of their representation of the Defendant.  Mr. Sharp is **DIRECTED** to provide the discovery and information from the Defendant's file to new counsel as soon as possible;

(2) Attorney Francis L. Lloyd, Jr., is **SUBSTITUTED** and **APPOINTED** as Defendant's counsel of record under the CJA;

(3) Mr. Lloyd's request for a new motion deadline in this case is **GRANTED**. The deadline for filing pretrial motions is reset to **October 29, 2018**;

(4)  Responses to motions are due on or before **November 13, 2018**;

(5) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **November 16, 2018, at 9:30 a.m**; and

(6) The motion hearing previously scheduled for September 19, 2018, is **CANCELLED**.

**IT IS SO ORDERED.**

ENTER:

United States Magistrate Judge