IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-22-TAV-HBG |
| | ) | |
| ALBERT DIANCE BLEVINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion of Defendant for a Continuance and for Extensions of Pretrial Deadlines [Doc. 22], filed on October 28, 2018, and referred [Doc. 24] to the undersigned on November 1, 2018. *See* 28 U.S.C. § 636(b). The parties appeared for a hearing on the motion on November 15, 2018. Assistant United States Attorney Matthew T. Morris appeared on behalf of the Government. Attorney Francis L. Lloyd, Jr., represented the Defendant, who was also present.

Defendant Blevins asks the Court to continue the January 22, 2019 trial date in this case and to allow the filing and litigation of pretrial motions. The motion states that current counsel was substituted and appointed [Doc. 21] on September 14, 2018. At that time, the Court set a new motion deadline of October 29, 2018, but did not continue the trial. Defense counsel states that he has reviewed the discovery and met twice with the Defendant. However, counsel states that he needs additional time to investigate and prepare with regard to both pretrial motions and the trial. Counsel notes that the Defendant faces significant penalties, if convicted, and that litigation of search and seizure issues is necessary in this case. The motion relates that the Government does

not oppose the requested continuance of the trial or other deadlines and that counsel has consulted with the Defendant, who waives his speedy trial rights in relation to the motion.

At the motion hearing, Mr. Lloyd stated that he needs additional time to investigate the case, to prepare and litigate pretrial motions, and to prepare the case for trial. He informed the Court that this case will very likely proceed to a jury trial. He said that he cannot make adequate preparation for pretrial proceedings or for the trial in the remaining time, even with the exercise of due diligence. Mr. Lloyd stated that the motion practice in this case will be more significant than in the typical case. He said that he had discussed the motion and the Defendant's rights with Defendant Blevins, who authorized the filing of the motion to continue.

AUSA Morris agreed that a trial continuance is in the interest of justice and the need for same outweighs the public's interest in a speedy trial. He stated that this case involves a great deal of discovery, including numerous video recordings. He stated that he has reviewed with defense counsel, those materials that cannot be copied and provided to counsel. The parties agreed on a new trial date of May 14, 2019.

The Court finds the Defendant's motion to continue the trial and to set a new schedule for pretrial motions to be well-taken and unopposed. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court substituted counsel in this case on September 14, 2018. The Court finds that the discovery in this case is extensive and that the parties anticipate the litigation of a motion to suppress evidence. The Court set a new motion deadline of January 18, 2019, and a motion hearing on February 7, 2019, at 9:30 a.m. Following that hearing, the Court will need time, not to exceed thirty (30) days, to file a report and recommendation on any dispositive motions. *See* 18 U.S.C. § 3161(h)(1)(H). The parties will then need time to file

objections to the report, and the Chief District Judge will need time to rule on the motion in light of the report and the objections. Following the resolution of pretrial motions, counsel will also need time to prepare for trial. The Court finds that all of this cannot take place before the January 22 trial date or in less than six months. Accordingly, the Court finds that the failure to grant the requested continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for trial, even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's motion [**Doc. 22**] to continue the trial and other deadlines is **GRANTED**. The trial of this matter is reset to **May 14, 2019**. The Court also finds that all the time between the filing of the motion to continue on **October 28, 2018**, and the new trial date of **May 14, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, the motion deadline is reset to **January 18, 2019**. Responses to motions are due on or before **February 1, 2019**. The parties are to appear before the undersigned for a hearing on all pending pretrial motions on **February 7, 2019, at 9:30 a.m.** A final pretrial conference before the undersigned is scheduled for **April 29, 2019, at 11:00 a.m.** This date shall also be the new deadline for concluding plea negotiations and for providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **April 29, 2019**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **May 3, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

> (1) The Motion of Defendant for a Continuance and for Extensions of Pretrial Deadlines [**Doc. 22**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **May 14, 2019**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the filing of the Defendant's motion to continue on **October 28, 2018**, and the new trial date of **May 14, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The motion deadline is reset to **January 18, 2019**;

(5) Responses to motions are due on or before **February 1, 2019**;

(6) The Court will hold a motion hearing on all pending pretrial motions on **February 7, 2019, at 9:30 a.m.**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **April 29, 2019, at 11:00 a.m.** This date is also the deadline for concluding plea negotiations, for providing reciprocal discovery, and for filing motions *in limine*; and

(8) Special requests for jury instructions shall be submitted to the Chief District Judge no later than **May 3, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge