IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-22-TAV-HBG |
| | ) | |
| ALBERT DIANCE BLEVINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Quash or Modify Subpoena [Doc. 35], filed by the Guardian Ad Litem of Wilma Louise Stephens Blevins on March 5, 2019, and referred [Doc. 36] to the undersigned on the following day. *See* 28 U.S.C. § 636(b). The parties appeared for a hearing on the motion on March 8, 2019. Assistant United States Attorney Matthew T. Morris appeared on behalf of the Government. Attorney Francis L. Lloyd, Jr., represented the Defendant, who was also present. Attorney Scarlett W. Ellis, Guardian Ad Litem for Ms. Blevins, appeared on her behalf.

By way of background, the Court observes that Defendant Blevins filed a Motion to Suppress [Doc. 29] on January 28, 2019. The Court scheduled an evidentiary hearing on this motion for February 19, 2019. With the agreement of the parties, the Court continued the evidentiary hearing to March 1 and then to March 8, due to the illness of the Defendant's mother, the aforementioned Ms. Blevins, whom the Defendant intends to call as a witness [*See* Doc. 33]. In the motion to quash, Ms. Ellis asks the Court to quash or modify the subpoena for Ms. Blevins to testify at the evidentiary hearing on the Defendant's suppression motion. The Motion relates that Ms. Blevins has a diagnosis of mixed dementia of Alzheimer's disease and vascular dementia

and is not able to give reliable testimony. Ms. Ellis also states that if the Court requires Ms. Blevins to testify, that it would be in Ms. Blevins's best interest to give a deposition in her home.

At the motion hearing, Ms. Ellis stated that she was appointed the Guardian Ad Litem for Ms. Blevins on September 10, 2018. On October 26, 2018, the Scott County Chancery Court appointed Ms. Blevins's son Steven Wayne Blevins and her niece Angela Michelle Blevins temporary co-conservators over Ms. Blevins. Ms. Ellis related that the Chancery Court will hold a hearing on March 22, 2019, to determine whether their conservatorship should become permanent.

Ms. Ellis said that Ms. Blevins has undergone medical testing with respect to court proceedings in Scott County. She said that Ms. Blevins has organic brain syndrome, following a stroke. Ms. Ellis said that Ms. Blevins received a neuropsychological evaluation in January 2019 and was diagnosed with mixed Alzheimer's and vascular dementia. Ms. Ellis has visited Ms. Blevins in her home three times, seen her twice in court, and spoken with her on the telephone many times. She stated that Ms. Blevins has difficulty retaining important information. She said that Ms. Blevins is easily distracted but does better in her home. She also related that Ms. Blevins has impaired mobility and must use a wheelchair when she leaves her home. Ms. Ellis reported that Ms. Blevins does not want to come to court because she fears that she will not be able to recall what happened accurately and will not help her son. According to Ms. Ellis, Ms. Blevins also believes she will become upset if she sees her son in shackles. Ms. Ellis asked the Court to quash the subpoena due to Ms. Blevins's mental incompetence. Alternatively, she asked that Ms. Blevins be allowed to give her testimony by deposition in her home with Ms. Ellis present.

Pursuant to questions from the Court, Ms. Ellis stated that Ms. Blevins lives alone. A home healthcare worker checks on Ms. Blevins twice weekly, and her son Steven and his wife

visit Ms. Blevins daily. Ms. Ellis described Ms. Blevins as "very opinionated" and stated that hired in-home caregivers leave her employment quickly. Ms. Ellis stated that Ms. Blevins is physically able to leave her home but that leaving her home is difficult for her. She said the distress Ms. Blevins experiences when leaving her home causes her to be more confused. Ms. Ellis also opined that Ms. Blevins is likely to agree with leading questions.

Mr. Lloyd stated that Defendant Blevins opposes the motion to quash but that he is willing to take her deposition in her home. He stated that her testimony is necessary because she is the only witness, who is not a law enforcement officer, who was present at the two searches of her home, where the Defendant resided. Mr. Lloyd argued that Ms. Blevins's testimony is material to the issue of whether consent to search was given and whether consent was revoked. He alleges that at some point in the encounter with law enforcement on the day of the Defendant's arrest, Ms. Blevins told the officers to leave and come back with a warrant. Mr. Lloyd observed that he previously spoke with Ms. Blevins on the telephone for one hour and fifteen minutes, based upon this telephone conversation, he believes she is able to talk about the issue. Mr. Lloyd did not object to taking Ms. Blevins's deposition in her home, and he agreed that the deposition should be recorded in an audio and video recording.

AUSA Morris said the Government's preference is to have Ms. Blevins testify in the courtroom. He noted that Ms. Blevins is not physically incapable of traveling. He also noted that the Court would not be able to ask questions of Ms. Blevins, if the lawyers took her deposition in her home. In response to questions from the undersigned, Mr. Morris stated that there is no audio or video recording of the consent search in this case. Mr. Lloyd said that the Defendant's brother was not present at the beginning of the encounter between Ms. Blevins and law enforcement.

Federal Rule of Evidence 601 provides in pertinent part that "[e]very person is competent to be a witness unless these rules provide otherwise." The Advisory Committee Notes to this Rule state that "[n]o mental or moral qualifications for testifying as a witness are specified" and that "[s]tandards of mental capacity have proved elusive in actual application." Thus, courts regularly permit the testimony of witnesses with mental impairment, and the witness's mental impairment is considered with respect to the weight and credibility of the testimony. Fed. R. Evid. 601, Advisory Comm. Notes.

"[T]he Federal Rules of Evidence strongly disfavor barring witnesses on competency grounds due to mental incapacity." *United States v. Phibbs*, 999 F.2d 1053, 1068 (6th Cir. 1993), *cert. denied,* 510 U.S. 1119 (1994).

> What must be remembered, and is often confused, is that "competency" is a matter of status not ability. Thus, the only two groups of persons specifically rendered incompetent as witnesses by the Federal Rules of Evidence are judges (Rule 605) and jurors (Rule 606). The authority of the court to control the admissibility of the testimony of persons so impaired in some manner that they cannot give meaningful testimony is to be found outside of Rule 601. For example, the judge always has the authority under Rule 403 to balance the probative value of testimony against its prejudicial effect. Similarly, under Rule 603, the inability of a witness to take or comprehend an oath or affirmation will allow the judge to exclude that person's testimony. An argument can also be constructed that a person might be impaired to the point that he would not be able to satisfy the "personal knowledge" requirement of Rule 602. Again though, it is important to remember that such decisions by a trial judge to either admit or exclude testimony will only be reversed for a clear abuse of discretion.

*United States v. Ramirez*, 871 F.2d 582, 584 (6th Cir.), *cert. denied,* 493 U.S. 841 (1989); *Phibbs*, 999 F.2d at 1069 (quoting *Ramirez*). In summary, "[a]s long as a witness appreciates his duty to tell the truth, and is minimally capable of observing, recalling, and communicating events, his testimony should come in for whatever it is worth. It is then up to the opposing party to dispute

the witness's powers of apprehension, which well may be impaired by mental illness or other factors." *Id.* at 1070.

Based upon the information provided by Ms. Ellis and Mr. Lloyd,[1] the Court finds that Ms. Blevins is physically able to testify. Although Ms. Blevins likely feels some distress about testifying in her son's case, the Court finds that her testimony is relevant and material to the question of whether she gave and/or withdrew consent to search her home on October 22, 2017. Additionally, there does not appear to be another witness, outside of law enforcement, who was present before and during the entirety of the search. Finally, Ms. Blevins's interaction with law enforcement on October 22, 2017, is not the subject of an audio or video recording. Accordingly, the Court finds that Ms. Blevins's testimony appears to be relevant and material to the issue of consent and that she is able to testify.

The Court has considered whether Ms. Blevins should be permitted to give a deposition, rather than testify at the evidentiary hearing. Federal Rule of Criminal Procedure 15(a)(1) provides that a court may grant the request for a deposition in a criminal case "because of exceptional circumstances and in the interest of justice." The information from Ms. Ellis shows that Ms. Blevins is able to leave her home and to travel to the courthouse in Knoxville, Tennessee, with the assistance of her family or other caregivers. In this regard, the exhibits appended to the Motion to Quash show that Ms. Blevins traveled to Knoxville in January 2019 for a neuropsychological evaluation. Ms. Ellis, who has met with Ms. Blevins both at her home and away from her home, states that Ms. Blevins seems better able to recall matters in the familiar environment of her home. However, Ms. Ellis also provided examples of Ms. Blevins becoming

---

[1] Mr. Lloyd, who was appointed to represent Defendant Blevins on September 14, 2018, stated that he spoke with Ms. Blevins on the telephone about this case for one hour and fifteen minutes.

confused both in her home (not remembering the next day that it was Ms. Ellis who visited her) and away (claiming to be sixty-three at her neuropsychological evaluation).  As discussed above, Ms. Blevins's mental condition is not a bar to her testimony.  Accordingly, the Court does not find this to be an exceptional circumstance in which Ms. Blevins's testimony needs to be taken by deposition.

Given the apparent importance of Ms. Blevins's testimony to the Defendant and her physical ability to testify in Court, the Court finds the Motion to Quash or Modify Subpoena [**Doc. 35**] must be **DENIED**.  The Court reset the evidentiary hearing on Defendant Blevins's Motion to Suppress to **April 5, 2019, at 9:30 a.m.**  The subpoena for Ms. Blevins is extended to that date and time.  Ms. Ellis is permitted to attend the hearing with Ms. Blevins.  If Ms. Blevins's circumstances change such that she is physically unable to come to the hearing, Ms. Ellis is to notify Chambers as soon as possible.  The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Ms. Ellis at the address provided in the Motion to Quash [Doc. 35].

**IT IS SO ORDERED.**

ENTER:

_/s/ Bruce Guyton_
United States Magistrate Judge