UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-22-TAV-HBG |
| | ) | |
| ALBERT DIANCE BLEVINS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

This matter is before the undersigned on the Motion of Defendant Albert Diance Blevins for a Competency Evaluation [Doc. 59], filed on August 8, 2019. *See* 28 U.S.C. § 636(b). The parties appeared before the undersigned on August 16, 2019, for a hearing on the motion. Assistant United States Attorney Jennifer Kolman appeared on behalf of the Government. Attorney Francis L. Lloyd, Jr., represented the Defendant, who was also present.

In his motion, the Defendant asks for a competency evaluation, due to an incident in which the Defendant blacked out and struck his head on the floor sustaining a head injury. The Defendant was hospitalized for three days following this incident, but he does not recall his time in the hospital. The Defendant contends that his head trauma and memory loss give rise to a concern about his ability to assist counsel with his defense. The Government responds [Doc. 60] the motion gives no indication that the Defendant is not able to interact or confer with counsel, it does not oppose this request "out of an abundance of caution to ensure that the defendant is able to properly assist in his defense[.]"

At the motion hearing, Mr. Lloyd stated that the Defendant reports being struck in the head by another inmate, while incarcerated in February 2019. Mr. Lloyd said the Defendant had seizures in March, may have fallen and struck his head on the floor, and was treated in intensive care for three days, although the Defendant has no recollection of these events. Mr. Lloyd related that, following the Defendant's hospitalization, the Defendant met with a nurse practitioner specializing in neurology,[1] who suspects that he may have dried blood on his brain and who reported that his MRI reveals the possible beginnings of a tumor. The Defendant currently suffers from daily headaches, numbness on his left side, and olfactory hallucinations of the smell of rotting food. Mr. Lloyd argued that, given the Defendant's memory loss and the potential of a significant brain injury or defect, a competency evaluation is warranted. He stated that although he and the Defendant had no problem talking, he was concerned about a serious mental issue that might not be apparent from conversation. Mr. Lloyd stated that he was awaiting receipt of the Defendant's records from the Knox County Detention facility. Mr. Lloyd doubted that a local mental health evaluation would be sufficient, because of the detention facility's response to the matter to date.

The Government confirmed that it did not object to the requested competency evaluation, as stated in its response.

Based upon the information presented at the hearing, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

---

[1] Defendant Blevins is not able to recall the name of this medical practitioner, and Mr. Lloyd is trying to obtain records of the Defendant's medical care from the jail.

Although the Defendant's medical and mental health issues are somewhat vague, the Court finds that counsel is concerned about the Defendant's ability to participate in and make decisions regarding his defense. The Court concludes that reasonable cause exists to warrant a mental examination under 18 U.S.C. § 4241(a). Accordingly, the Court **GRANTS** the Defendant's motion [**Doc. 59**] to undergo a competency evaluation. It is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4247(b), and 4247(c), of the United States Code, as follows:

> (1) The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshals Service to such facility.
>
> (2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
>
> (3) Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.
>
> (4) The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.
>
> (5) Defense counsel shall continue to obtain all relevant medical records and shall provide them to the examiner;
>
> (6) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:
>
>> (a) the Defendant's history and present symptoms;

(b) a description of the psychiatric, psychological and medical tests that were employed and their results;

(c) the examiner's findings;

(d) the examiner's opinions as to diagnosis and prognosis, and

(e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(7) Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(8) The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that time period, whichever is sooner.

(9) A competency hearing and/or status conference is set for **November 13, 2019, at 11:00 a.m.** If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(10) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when the Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **November 13, 2019** competency hearing.

(11) Because of the length of time necessary to evaluate the Defendant, the Defendant's **September 24, 2019** trial date is **CANCELLED**,[2] to be reset upon his return to the district, if he is found competent. All the time during which the Defendant is

---

[2] The final pretrial conference scheduled for September 10, 2019, at 11:30 a.m., is also cancelled.

undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act.

(12) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge